UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN V. SATTERWHITE,<br><br>    Plaintiff,<br>v.<br><br>BERKLEE COLLEGE OF MUSIC, INC.,<br><br>    Defendant. | Civil Action No.: |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Alan V. Satterwhite brings this complaint for copyright infringement against Defendant, Berklee College of Music, Inc. for damages and injunctive relief, for the unauthorized copying, use and distribution by Berklee of a copyrighted photograph of renowned musician, Stevie Wonder. Satterwhite alleges that the copying, use and distribution of the photograph by Berklee is a violation of Satterwhite's exclusive rights under the Copyright Act, 17 U.S.C. § 106. In support hereof, Satterwhite states as follows:

### The Parties

1. Plaintiff, ALAN V. SATTERWHITE ("Satterwhite") is an individual with an address of 55 West 55th Street, New York, New York, 10019.

2. Satterwhite is a professional photographer who makes his living from photography. He began his career working as a photographer for a major daily newspaper in Florida. He later became a freelance magazine photographer and he worked on assignment for

many major magazines, including Time, People, Newsweek, Automobile, Car & Driver, Fortune, Geo, Life, Look, Money, Playboy, Sports Illustrated, and Travel & Leisure.

3. In 1980, Satterwhite moved to New York City and started his own production company, where he worked for many years doing national and international advertising assignments for major clients such as Coca Cola, Universal Studios, American Express, Dole, DuPont, Eastman Kodak, Johnson Outboards, Kent Int'l, Molson, Nikon, Oldsmobile, Porsche, Polaroid, R J Reynolds, Saab, Sony, Tuborg, and Westinghouse.

4. Satterwhite has published multiple books of his photographs and his prints are in the permanent collections of numerous prestigious museums such as the Smithsonian National Portrait Gallery, the Museum of Fine Arts (Houston), the Santa Barbara Museum of Art, the Los Angeles County Museum of Art, the George Eastman House, the Polaroid Collection, the National Museum of African American History and Culture, as well as in many private collections.

5. Defendant, BERKLEE COLLEGE OF MUSIC, INC. ("Berklee") is a institution of higher education that specializes in the study of music. Berklee is incorporated under the laws of the Commonwealth of Massachusetts and has a principal place of operations at 1140 Boylston Street, Boston, Suffolk County, Massachusetts. At all times relevant herein, Berklee owned and operated the Internet website located at the internet URL www.berklee.edu (the "Berklee Website").

6. Satterwhite alleges that Berklee copied one of Satterwhite's photographs of renowned musician, Stevie Wonder (hereinafter the "Photograph") from the Internet or elsewhere, and used and distributed the Photograph to advertise, market and promote Berklee's business and educational activities to the public.

## Jurisdiction and Venue

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 101 et seq.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(a) because the events giving rise to the claims occurred in this district, Berklee engaged in infringement in this district, Berklee resides in this district, and Berklee is subject to personal jurisdiction in this district.

## The Copyrighted Photograph at Issue

10. In 1974, Satterwhite created the Photograph entitled "Al Satterwhite-6." A copy of the Photograph is shown below.



3

11. Satterwhite registered the Photograph with the Register of Copyrights as part of a group registration on June 24, 2002. The Group Registration was assigned registration number VAu 553-054. The Certificate of Registration is attached hereto as Exhibit 1 and is incorporated herein by reference.

12. Satterwhite is the author and at all relevant times has been the owner of all rights to the Photograph including the copyright.

### Infringement by Berklee

13. On or about December 8, 2023, Satterwhite discovered that Berklee copied, used, displayed and distributed the Photograph on the Berklee Website as part of its music education business and activities in which it promoted and advertised a Stevie Wonder Tribute that was scheduled by Berklee for March 22, 2022.

14. Berklee has never been licensed or otherwise authorized to use the Photograph for any purposes whatsoever on the Berklee website or anywhere else. Berklee's copying, use display and distribution of the Photograph was done without Satterwhite's permission or authority.

15. Berklee infringed the Photograph in one or more ways including the unauthorized use of the Photograph by Berklee as shown in Exhibit 2, which is incorporated herein by reference.

16. Berklee's copying, use, display and distribution of the Photograph without Satterwhite's permission or authority constitutes copyright infringement.

17. Satterwhite notified Berklee of the allegations set forth herein on or about March 15, 2024. To date, the parties have failed to resolve this matter.

18. Satterwhite owns a valid copyright in the Photograph at issue in this action.

19. Satterwhite registered said Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

20. Berklee copied, used, displayed, and distributed said Photograph and made derivatives of the Photograph without Satterwhite's authorization in violation of 17 U.S.C. § 501.

21. Berklee performed the acts alleged herein in the course and scope of its business and educational activities.

22. Berklee's acts were willful.

23. Satterwhite has been damaged.

24. The harm caused to Satterwhite has been irreparable.

WHEREFORE, Plaintiff ALAN V. SATTERWHITE prays for judgment against Defendant BERKLEE COLLEGE OF MUSIC, INC. as follows:

    a. That Berklee and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from copying, using, displaying and other distributing the Photograph;

    b. That Berklee be required to pay Satterwhite his actual damages and all of Defendant's profits attributable to the infringement, or at Satterwhite's election, statutory damages as provided in 17 U.S.C. § 504;

    c. That Satterwhite be awarded his attorneys' fees and costs of suit under 17 U.S.C. § 505;

    d. That Satterwhite be awarded both pre-judgment and post-judgment interest; and

    e. That Satterwhite be awarded such other and further relief as the Court deems just and proper.

## Jury Demand

Satterwhite hereby demands a trial by jury of all issues so triable.

Dated: March 25, 2025          Respectfully submitted,

*/s/ Andrew D Epstein*
ANDREW D EPSTEIN
Bar Number: 155140
Photolaw@aol.com

**ANDREW D. EPSTEIN, ESQ.**
99 Rockland Street
Swampscott, MA 01907
617.272-5700 - Telephone

*Counsel for Plaintiff Alan V. Satterwhite*